# In the United States Court of Federal Claims

| | |
|---|---|
| LESLIE MCKNIGHT and JUSTIN BOOKER,<br><br>              Plaintiffs,<br><br>              v.<br><br>THE UNITED STATES,<br><br>              Defendant. | No. 25-1091<br>Filed July 30, 2025 |

**OPINION AND ORDER**
**Dismissing Complaint for Lack of Jurisdiction**

Leslie McKnight and Justin Booker, proceeding without an attorney, filed a complaint in this court alleging that an individual named Thomas Armstrong conspired to deprive plaintiffs of their rights, withheld court filings, retaliated against them, and coerced and intimidated them. Plaintiffs request damages for emotional and physical harm and a cease-and-desist order. This court does not have jurisdiction over private individuals or over proceedings in other courts. The court will therefore dismiss the complaint sua sponte under rule 12(h)(3) of the Rules of the Court of Federal Claims (RCFC). The court will grant plaintiffs' motion to proceed in forma pauperis.

**I.    Background**

Ms. McKnight and her fiancé, Mr. Booker, allege that Thomas Armstrong has violated their due process rights in a civil case in a Nevada court. ECF No. 1 at 2. Plaintiffs only identify Thomas Armstrong by name; they do not specify their relationship to him. *See generally* ECF No. 1. It appears that Thomas Armstrong may be the judge in a municipal court in Nevada. Plaintiffs allege that Judge Armstrong, among other things, "violated multiple processes for a case," "failed

to send notices as the law requires," and "conspired to deprive [them] of [their] right to due process." *Id.* Plaintiffs also allege that Judge Armstrong coerced, intimidated, and retaliated against them and their children. *Id.* at 1, 3.

## II. Discussion

The Tucker Act primarily defines this court's jurisdiction. It gives the court exclusive jurisdiction to decide specific types of monetary claims "against the United States." *Kanemoto v. Reno*, 41 F.3d 641, 644 (Fed. Cir. 1994); 28 U.S.C. § 1491(a)(1).

A "plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). This court has traditionally held the pleadings of a pro se plaintiff to a less stringent standard than those of a litigant represented by counsel. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (stating that pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" (marks omitted)). The court has therefore exercised its discretion in this case to examine the pleadings and record "to see if [the pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct. Cl. 456, 468 (1969). Regardless, pro se plaintiffs still have the burden of establishing the court's jurisdiction by a preponderance of the evidence. *See Landreth v. United States*, 797 F. App'x 521, 523 (Fed. Cir. 2020) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).

This court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." RCFC 12(h)(3); *see also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quotation marks omitted)). Therefore, even if not disputed by a party, the court may challenge subject-matter jurisdiction on its own. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

### A. The court lacks jurisdiction over plaintiffs' complaint

Even liberally construed, this court does not have jurisdiction over plaintiffs' complaint. The complaint alleges harms caused by a private individual or a judge of another court. This court lacks jurisdiction over private individuals, other courts, state and local entities, and people employed by state and local entities; it only has jurisdiction over claims against the federal government. 28 U.S.C. § 1491; *United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("[I]f the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." (citations omitted)); *Curry v. United States*, 787 F. App'x 720, 722-23 (Fed. Cir. 2019) (holding that the Court of Federal Claims lacks jurisdiction to hear cases asserted against states, localities, and employees of those governments in both their official and personal capacities); *Martin v. United States*, No. 22-1810, 2023 WL 1878576, at *3 (Fed. Cir. Feb. 10, 2023) ("[T]he court can only hear claims against the government; thus, it cannot hear claims brought against individuals."); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("[T]he Court of Federal Claims cannot entertain a taking claim that requires the court to scrutinize the actions of another tribunal." (quotation marks omitted)). Thus, the court must dismiss plaintiffs' claims against Judge Armstrong.

### B. Plaintiffs may proceed in forma pauperis

Under 28 U.S.C. § 1915, a plaintiff may move to proceed in forma pauperis, entitling her to relief from the costs and fees associated with initiating a lawsuit. The court has discretion to grant in forma pauperis status whenever it determines, based on the plaintiff's submitted financial information, that the plaintiff is unable to pay the filing fee. *Brestle v. United States*, 139 Fed. Cl. 95, 103 (2018); *see also Colida v. Panasonic Corp. of North America*, 374 F. App'x 37, 38 (Fed. Cir. 2010). The threshold to establish the need to proceed in forma pauperis is not high. *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335

U.S. 331, 339-40 (1948). "[P]auper status does not require absolute destitution[;] the question is whether the court costs can be paid without undue hardship." *Chamberlain v. United States*, 655 Fed. App'x 822, 825 (Fed. Cir. 2016) (quotation marks omitted).

Ms. McKnight states that she is employed at a restaurant where she has a monthly net income of $950. ECF No. 2 at 1. She has $27 in savings and financial responsibilities that include rent, bills, car payments, credit card debt, and childcare. *Id.* at 2. Ms. McKnight's disclosed financial circumstances fall within the range that has warranted in forma pauperis status in other cases. For example, in *Conner v. United States*, No. 21-2057, 2022 WL 2231222 at *3 (Fed. Cl. June 21, 2022), *aff'd*, No. 23-1316, 2023 WL 5011753 (Fed. Cir. Aug. 7, 2023), this court granted in forma pauperis status to a plaintiff who similarly had negligible savings and had a monthly income that left more to cover her expenses than Ms. McKnight. Ms. McKnight does not have a surplus income with which she can cover the court's fee. *See U.S. Court of Federal Claims Schedule of Fees*, United States Court of Federal Claims (effective Dec. 1, 2023), https://www.uscfc.uscourts.gov/sites/cfc/files/fee_schedule.pdf ($405.00 total filing fee). Ms. McKnight has demonstrated that paying the filing fee would cause undue hardship.

Plaintiffs should note, however, that a court has a "duty to deny in forma pauperis status to those individuals who have abused the system," *In re Sindram*, 498 U.S. 177, 180 (1991), to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Although the court will grant plaintiffs' motion to proceed in forma pauperis, the court notes that Ms. McKnight has filed at least five other cases in this court since May 2024, also suing individuals, lawyers, and judges involved in other court cases. *See McKnight v. United States*, No. 24-808, ECF No. 1 (Fed. Cl. May 5, 2024); *McKnight v. United States*, No. 24-1357,

4

ECF No. 1 (Fed. Cl. Aug. 29, 2024); *McKnight v. United States*, No. 25-303, ECF No. 1 (Fed. Cl. Feb. 18, 2025); *McKnight v. United States*, No. 25-305, ECF No. 1 (Fed. Cl. Feb. 18, 2025); *McKnight v. United States*, No. 25-1092, ECF No. 1 (Fed. Cl. June 24, 2025). Each of those cases was dismissed for lack of jurisdiction or failure to prosecute. Thus, similar suits may in the future result in denial of in forma pauperis motions or in prefiling restrictions against plaintiffs. *See McKnight v. United States*, No. 25-1092, ECF No. 5 (Fed. Cl. July 16, 2025).

### III. Conclusion

For the reasons stated above, this court **grants** plaintiffs' motion to proceed in forma pauperis and **dismisses** their complaint for lack of subject-matter jurisdiction. The clerk of the court shall enter judgment accordingly.

**IT IS SO ORDERED.**

/s/ Molly R. Silfen
MOLLY R. SILFEN
Judge